

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL CRISTOBAL FRANCISCO,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND<br>IMMIGRATION SERVICES, et al.,<br><br>Defendants. | Case No.:  26-CV-1834 TWR (SBC)<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>(ECF No. 3) |

Presently before the Court is Plaintiff Raquel Cristobal Francisco's Application for Temporary Restraining Order ("TRO").  ("TRO Appl.," ECF No. 3.)  For the reasons stated below, the Court **GRANTS** Plaintiff's Application for a TRO.

## BACKGROUND

Plaintiff is a citizen and native of Guatemala.  ("Compl.," ECF No. 1 at 18.)  She currently resides in the Southern District of California with her three minor children, who are also Guatemalan citizens.  (*Id.*)  Plaintiff entered the United States without inspection on or around June 30, 2021.  (*See id.* at 18, 55, 157.)  Sometime after entry, Plaintiff entered removal proceedings.  (*See generally id.* at 147–59.)  On May 31, 2022, an Immigration Judge ("IJ") denied Plaintiff's application for relief from removal and ordered her removed to Guatemala.  (*Id.* at 19, 153–55.)  Plaintiff appealed the IJ's decision to the Board of

26-CV-1834 TWR (SBC)

Immigration Appeals ("BIA"), which affirmed the IJ's decision on November 7, 2023. (*Id.* at 19, 150–52.)  Plaintiff then appealed to the Ninth Circuit Court of Appeals, which affirmed the BIA's decision on December 5, 2024. (*Id.* at 156–159.)

Plaintiff contends she was a victim of severe trafficking and/or sexual exploitation during her journey to the United States.  (*See* 18–19.)  Accordingly, on August 11, 2025, Plaintiff submitted a Form I-914, Petition for T Nonimmigrant Status ("T-Visa application") as well as a Form I-192, Application for Advance Permission to Enter as Nonimmigrant, to USCIS.  (*See id.* at 40.)  A T-Visa provides immigration protection to noncitizens who are victims of severe forms of human trafficking and comply with reasonable requests for assistance in the investigation or prosecution of acts of trafficking.  *See* 8 U.S.C. § 1101(a)(15)(T); 8 C.F.R. § 214.202.  By statute, USCIS may grant only a certain number of T-Visas in a fiscal year.  *See* U.S.C. § 1184(o)(2).  When the statutory cap is reached, USCIS defers issuance of new T-Visas until the start of the next fiscal year.  *See id.*; 8 C.F.R. § 214.210(a), (b).  Upon deferral, applicants whose petitions have been determined approvable (*i.e.*, applicants who receive a "bona fide determination") are provided temporary protection from removal pending issuance of their T-Visa.  *See* 8 C.F.R. § 214.204(b)(2).

On November 24, 2025, USCIS sent plaintiff a notice of receipt stating her applications were received on August 21, 2025. (Compl. at 33–37.)  On March 19, 2026, Plaintiff appeared for an in-person interview at the ICE San Diego Field Office. (*Id.* at 19.)  On that date, ICE officers instructed her to purchase an airline ticket and to "plan to leave the United States" by March 24, 2026. (*Id.*)  As of the date of her TRO Application, Plaintiff's applications with USCIS remain pending. (*See generally* TRO Appl.)

On March 23, 2026, Plaintiff filed a Complaint against all Defendants alleging their failure to adjudicate her T Visa application within a reasonable time constitutes violations of the Administrative Procedure Act and the Fifth Amendment. (*See* Compl. at 24–29.)  Plaintiff also filed an Application for TRO requesting this Court enjoin Defendants from executing her removal orders while this action is pending. (*See* TRO Appl. at 15.)  Plaintiff

26-CV-1834 TWR (SBC)

makes clear that she does not seek review of any removal order or discretionary enforcement decision; rather, she seeks only to preserve the status quo (*i.e.*, her presence in the United States) so the Court can determine whether Defendants have unlawfully withheld or unreasonably delayed adjudication of her pending T Visa application and to provide time for Defendants to adjudicate her application. (*Id.* at 3.)

## LEGAL STANDARD

In determining whether to grant a TRO, the Court evaluates four factors: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). The third and fourth factors "merge when the Government is the opposing party." *Id.* at 435.

## DISCUSSION

Regarding the first *Nken* factor, Petitioner has made a sufficient showing that she will succeed on the merits of her claim. The Court is particularly persuaded that Plaintiff's removal pending adjudication of her T-Visa application violates her due process rights under the Fifth Amendment. As explained by the Ninth Circuit, noncitizens in deportation proceedings are "entitled to the fifth amendment guaranty of due process." *Cuadras v. INS*, 910 F.2d 567, 573 (9th Cir. 1990). Due process "is satisfied only by a full and fair hearing," *id.,* which requires that each case "be evaluated on its own merits to determine whether the [noncitizen's] factual support and concrete evidence are sufficient" to meet the noncitizen's burden of proof. *Sarvia–Quintanilla v. INS*, 767 F.2d 1387, 1392 (9th Cir. 1985). "To prevail on a due process challenge to deportation proceedings, [a noncitizen] must show error and substantial prejudice. A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings . . . ." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (internal citations omitted).

If Plaintiff is removed prior to the adjudication of her T-Visa application, she will lose her opportunity to achieve T nonimmigrant status because of the "physical presence" requirement for T-Visa applicants. *See* 8 C.F.R. § 214.207(a). In other words, if Plaintiff leaves the United States, she will no longer be eligible for T nonimmigrant status. *See id.* Additionally, the fact that Plaintiff was previously denied relief from removal does not affect her ability to achieve T nonimmigrant status. Indeed, an applicant subject to a final order of removal may file a T-Visa application. *See* 8 C.F.R. § 214.204(b)(2). Moreover, a T-Visa applicant who is subject to a final order of removal but then receives a "bona fide determination" is automatically provided temporary protection from removal pending issuance of his or her T-Visa. *See id.* Accordingly, Petitioner would be prejudiced if she was removed prior to the adjudication of her T-Visa application. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 307 (2001) ("Traditionally, courts recognized a distinction between eligibility for discretionary relief, on the one hand, and the favorable exercise of discretion, on the other hand"); *see also Ixcot v. Holder*, 646 F.3d 1202, 1213 (9th Cir. 2011) ("Although we cannot determine whether [a noncitizen] is entitled to a grant of asylum relief, we can and do decide that he is entitled to an adjudication of his asylum application . . . on its merits."); *S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 411 (S.D.N.Y. 2018) (granting TRO staying removal for noncitizen who had a pending T-Visa application on due process grounds).

Regarding the second *Nken* factor, it is clear Plaintiff would suffer irreparable injury if she was removed prior to adjudication of her T-Visa application because removal from the United States would render her ineligible for T immigration status. *See* 8 C.F.R. § 214.207(a). Finally, regarding the third and fourth *Nken* factors, staying Plaintiff's removal will not only enable Defendants to fully respond to the allegations in the Complaint, but will also give the Court an opportunity to decide the important issues raised therein. Further, there would be little harm, if any, to Defendants should Plaintiff's removal be delayed for two weeks.

/ / /

/ / /

26-CV-1834 TWR (SBC)

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Plaintiff a TRO enjoining her removal for fourteen (14) days.  In accordance with Federal Rule of Civil Procedure 65(b)(2), **the TRO will expire on April 7, 2026.**  Moreover, Defendants U.S. Citizenship and Immigration Services ("USCIS"); Joseph Edlow, in his official capacity as Director of USCIS; USCIS Vermont Service Center; Carrie M. Selby, in her official capacity as Acting Director of the Vermont Service Center of USCIS; U.S. Immigration and Customs Services ("ICE"); Todd M. Lyons, in his official capacity as Acting Director of ICE; and Patrick Divver, in his official capacity as San Diego Field Officer Director of ICE, are **ORDERED TO SHOW CAUSE** on or before March 30, 2026, why the TRO should not be converted to a preliminary injunction.  Plaintiff **MAY FILE** an optional response on or before April 1, 2026.  Additionally, the Court **SETS** an Order to Show Cause Hearing for April 2, 2026, at 1:30 p.m. in Courtroom 14A.

**IT IS SO ORDERED.**

Dated:  March 24, 2026

_____
Honorable Todd W. Robinson
United States District Judge

26-CV-1834 TWR (SBC)